```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

SEAN DANIEL McKAY                §
                                 §
VS.                              §   Civil No.4:12-CV-188-Y
                                 §   (Criminal No. 4:10-CR-173-Y)
UNITED STATES OF AMERICA         §

ORDER DENYING REMAINING GROUND FOR RELIEF UNDER 28 U.S.C. § 2255
 and, ORDER DENYING CERTIFICATE OF APPEALABILITY ON ALL CLAIMS

After the Court, by order of December 3, 2012, denied one of defendant Sean Daniel McKay's grounds for relief in his motion under 28 U.S.C. § 2255,[1] the Court appointed counsel and set the remaining ground for hearing. In that remaining ground for relief, McKay argues that he is entitled to an out-of-time appeal because his attorney, John Stickels, disregarded McKay's request to file a notice of appeal. The Government's response included Stickels's sworn affidavit, in which he states that McKay indicated satisfaction with the outcome of his case and did not express a desire to appeal. Because the record in this case did not conclusively establish whether McKay requested that Stickels file a notice of appeal, this Court held an evidentiary hearing on January 28, 2013, to decide the issue.[2] After careful review and consideration of McKay's motion, the government's response, witness

---

[1] The Court previously denied McKay's ground two--that counsel provided ineffective assistance when he failed to file a motion to suppress the evidence seized from McKay's girlfriend's apartment.

[2] *See generally*, *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)(remanding case to District Court to hold an evidentiary hearing where record did not conclusively show whether defendant requested counsel to file an appeal).

testimony, and the applicable law, the Court concludes that the remaining ground for relief must be denied.

The Court heard conflicting testimony regarding the events surrounding McKay's communication with counsel about a possible appeal. The dispute primarily revolves around conversations between McKay and Stickels prior to and immediately following McKay's sentencing for possession of a firearm by a convicted felon. McKay contends that he was unhappy with his sentence and wished to appeal. Stickels argues that McKay, based on his stated goals, was satisfied with the overall outcome of the case and did not express a desire to appeal. The Court finds Stickels's testimony more credible.

To prevail on a claim of ineffective assistance of counsel based on failure to file a notice of appeal, McKay must show by a preponderance of the evidence that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) the deficient performance prejudiced the defendant.[3] As described by the United States Court of Appeals for the Fifth Circuit in *United States v. Tapp*, "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to

---

[3]*Roe v. Flores-Ortega*, 528 U.S. 470, 476-477 (2000).

2

file an out-of-time appeal[.]"[4]  This applies regardless of the merit of the points to be brought for appeal.[5]

Representation falls below the standard of reasonableness when an attorney disregards his client's specific instructions to file a notice of appeal.[6]  In cases where a petitioner does not disclaim an appeal but also does not explicitly instruct counsel to appeal, the Court must inquire whether counsel "consulted" with petitioner about an appeal.[7]  The U.S. Supreme Court defined "consultation" in this context to mean discussing the advantages and disadvantages of an appeal and making a "reasonable effort" to determine the client's wishes.[8]  In *Flores-Ortega*, the Supreme Court used the following hypothetical as an example of reasonable representation in this context:

> counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," [. . .] as a

---

[4]*Tapp*, 491 F.3d 263, 266.

[5]*Id.*

[6]*Flores-Ortega*, 528 U.S. 470, 477.

[7]*Id.* at 478.

[8]*Id.*

3

>             constitutional matter, in not consulting with
>             such a defendant regarding an appeal.[9]

Therefore, if Stickels consulted with McKay regarding a possible appeal, representation was deficient only if Stickels ignored McKay's express instructions.

In his motion, McKay states that he directed Stickels to file a notice of appeal. (§ 2255 Motion at 5-6). The testimony at the hearing on McKay's § 2255 motion, however, undermines this claim. Stickels, McKay, and McKay's friend, Lindsey Colopy, all testified. (Jan. 29, 2013 Motion Hearing Transcript, at 2-26, and 76-90; 27-58; 58-76). Stickels testified that he and McKay discussed McKay's right to appeal and the "notice of right to appeal" form, and further that McKay signed the form acknowledging that he was aware of his right to appeal and of the requirements for doing so. Stickels testified that he did not believe there was any way McKay misunderstood that form as being the actual notice of appeal. (Tr. 5, 19-20, 79). Stickels expressly stated: "Mr. McKay is a very smart person. He understood everything that was going on." (Tr. 20).

Stickels also testified that after sentencing, he met with McKay in the courthouse's holdover cells and discussed an appeal. (Tr. 5-6). McKay and Stickels were the only persons present for the meeting in the holdover. (Tr. 81). After that meeting,

---

[9]*Id.* at 479.

according to Stickels's testimony, McKay did not want to proceed with an appeal. (Tr. 5- 6).

In contrast, neither McKay nor Ms. Colopy testified that McKay or anyone acting on his behalf ever specifically asked or instructed Stickels to file a notice of appeal. McKay did not testify to any specific instance in which he told Stickels to file a notice of appeal. (Tr. 33-36.) McKay testified only that he was "unhappy" with his sentence and that he assumed an appeal would occur. (Tr. 36–37). The Court does not doubt that McKay was unhappy about receiving a 110-month prison sentence. But McKay's satisfaction with his legal representation must be viewed in relation to the outcomes that could reasonably have been achieved.

Despite his awareness that Stickels had not filed a notice of appeal, McKay continued to rely on Stickels's representation in criminal proceedings in Tarrant County for more than eight months. (Tr. 47–49). The Court finds it unlikely that McKay would have retained Stickels if McKay truly believed that he had lost his right to appeal due to Stickels's failure to follow his instructions. Even in his near-daily correspondence with his friend, Colopy, McKay never expressed dissatisfaction with Stickels's representation until the § 2255 proceeding. (Tr. 70–74). Given his lengthy experience with the criminal justice system, (Tr. 54) McKay was undoubtedly aware of his right to obtain new counsel if he was dissatisfied with Stickels's representation. He did not do so. (Tr. 49).

Additionally, Stickels testified that he did not become aware of McKay's alleged dissatisfaction until McKay notified him that this proceeding had been initiated, which was nearly nine months after McKay says he found out there had been no notice of appeal filed. (Tr. 8, 12-13; No.4:10-CR-173-Y criminal doc. 32 (Clerk's response to letter inquiry from McKay). Upon becoming aware of McKay's claim of ineffective assistance of counsel, Stickels immediately withdrew from representing McKay in all other proceedings. (Tr. 8).

The Court finds more credible Stickels's testimony that he had accomplished McKay's stated goals, leaving McKay satisfied with the outcome of his representation. Stickels testified that McKay's desired outcome was (1) obtaining a sentence of less than 120 months for the federal charge, (2) dismissal of all charges against McKay's girlfriend, Brittany Arrott, and (3) disposal of criminal charges in Tarrant and Wise Counties of Texas without receiving additional jail time. (Tr. 15-16).

McKay was sentenced to 110 months on the federal charge--at the bottom of the federal sentencing guidelines applicable to an offender with his extensive criminal history. (Tr. 8, 19). McKay claims he was upset and surprised by the length of his sentence. (Tr. 29). McKay's own testimony directly contradicts such a claim by acknowledging that Stickels had advised him throughout the entire proceeding that he was likely to receive a 10-year sentence. (Tr. 28-30, 42-43).

6

At the time of McKay's sentencing, the charges against Ms. Arrott had been dismissed. (Tr. 18). Plus, the charges against McKay in Wise County had been dropped, and an oral agreement had been reached with Tarrant County prosecutors that would dispose of those charges without additional jail time. (Tr. 17–19). Under these circumstances, it would not be unreasonable for Stickels to conclude that McKay was satisfied with the overall outcome of his representation.

Therefore, the Court finds Stickels's testimony more credible on these issues and finds that McKay did not explicitly request that Stickels file a notice of appeal. The relevant inquiry then becomes whether Stickels adequately consulted with McKay regarding his right to appeal. The Court finds that Stickels met the reasonableness standard.

Stickels informed McKay of his right to appeal and reviewed with him the procedure and time limits involved. McKay and Stickels both signed the form entitled "Notice of Right to Appeal Sentence," indicating that McKay had been advised of his rights. (doc. 29). This form explicitly provides that "any notice of appeal that I desire to file or give must be filed in this court within ten (10) days after entry of this judgment" and further that, "I must comply with all applicable rules governing my right of appeal in order to avoid prejudicing or losing that right." *Id.* It is clear from this language and the placement of his signature beneath it that any literate person, including McKay, would not have understood this form to be a notice of appeal.

During sentencing, the Court also advised McKay of his right to appeal. (Mar. 21, 2011 Sentencing Hearing Transcript, at 12). Additionally, Stickels testified that when he met with McKay after sentencing to discuss a possible appeal, he advised McKay that he did not believe an appeal would have any merit. (§2255 Hearing Tr. 4). Based on this evidence, the Court finds that McKay was fully informed of his appellate rights and of the requirements for asserting them. Stickels adequately consulted with McKay regarding an appeal and therefore was not constitutionally deficient in his representation.

For the reasons stated above, Sean Daniel McKay's sole remaining ground for relief, that counsel was ineffective for failing to file a notice of appeal (ground 1), is DENIED.[10]

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[11] Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[12] The COA may issue "only if the

---

[10] As all matters related to the motion under § 2255 in this Court are now resolved, the appointment of William Biggs, and the Office of the Federal Public Defender, is terminated. Should Sean Daniel McKay seek to file a notice of appeal as a pro se party, he must file a notice of appeal within the time limits set forth in Federal Rule of Appellate Procedure 4(a)(1)(B)(60 days after the judgment or order appealed from is entered).

[11] *See* Fed. R. App. P. 22(b).

[12] RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2010).

applicant has made a substantial showing of the denial of a constitutional right."[13] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[14]

Upon review and consideration of the record in the above-referenced case as to whether movant McKay has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the Court's Order Partially Denying Motion Under 28 U.S.C. § 2255, dated December 3, 2012, and for the reasons stated in this order.[15]

Therefore, a certificate of appealability should not issue.

SIGNED March 4, 2013.

                                                  /s/ Terry R. Means
                                                  TERRY R. MEANS
                                                  UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[14] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

[15] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).